UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| GREGORY L. BANKS,<br>　　Petitioner,<br><br>v.<br><br>WARDEN DAVID PAUL,<br><br>　　Respondent. | Civil Action No. 5:25-082-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Gregory L. Banks filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he argues that the Federal Bureau of Prisons (BOP) incorrectly determined that he is ineligible for First Step Act (FSA) time credits. (R. 1). The United States Attorney's Office for the Eastern District of Kentucky entered an appearance on behalf of the Respondent and filed a response in opposition to Banks's petition. (R. 12). Banks then filed a reply. (R. 14). Having fully reviewed the parties' submissions, the Court will deny Bank's request for relief because he is serving a sentence for a conviction under 21 U.S.C. § 841(b)(1)(B)(vi), which renders him ineligible to receive FSA time credits.

The FSA allows a prisoner to earn time credits towards pre-release custody or supervised release if he successfully participates in evidence-based recidivism reduction programs and other productive activities. *See* 18 U.S.C. § 3632(d)(4). However, the FSA also provides that a prisoner is ineligible to receive such time credits if he is serving a sentence for a disqualifying offense. *See* 18 U.S.C. § 3632(d)(4)(D). Possessing with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl in violation of 21 U.S.C. §

841(b)(1)(B)(vi) is one such disqualifier. *See* 18 U.S.C. § 3632(d)(4)(D)(lxvi). Banks pleaded guilty to that offense on October 7, 2019, and was sentenced to 132 months in prison. *See United States v. Banks*, No. 1:18-cr-00689-1, Rs. 19, 47, 70 (N.D. Ill., filed Oct. 12, 2018). Thus, he is ineligible to receive time credits under the FSA.

The arguments presented in Banks's § 2241 petition are unpersuasive. First, Banks suggests that his criminal judgment does not sufficiently establish that he was convicted of violating 21 U.S.C. § 841(b)(1)(B)(vi). It is true that Banks's judgment refers generally to 21 U.S.C. § 841(b)(1)(B). *See Banks*, No. 1:18-cr-00689-1, R. 70. However, the judgment also states that Banks pleaded guilty to Count 1 of the Superseding Information, which alleges that Banks knowingly and intentionally possessed with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl. *Id.* at Rs. 43, 70.

Banks also contends that the BOP erred by considering his presentence investigation report ("PSR") to determine the nature of his conviction. However, Banks cites no authority in support of this proposition. *But see Plain v. Eischen*, 2025 WL 2884999, at *3 (D. Minn. Oct. 10, 2025) (citing "the unremarkable proposition that to disqualify a prisoner from receiving FTCs, there must be sufficient evidence that a prisoner is 'serving a sentence for a conviction listed in [§ 3632(d)(4)(D)]'"); *Vallardes v. Ray*, 130 F.4th 74 (4th Cir. 2025) (looking to petitioner's plea agreement, judgment, PSR, and a post-judgment opinion to determine whether his conviction was disqualifying under § 3632(d)(4)(D)). To the extent the BOP consulted Banks's PSR to determine whether Banks is serving a sentence for a conviction under 21 U.S.C. § 841(b)(1)(B)(vi), it did not err.

Next, Banks contends that BOP officials originally told him that he was eligible to receive FSA time credits, thus inducing him to participate in evidence-based recidivism programming.

The nature of Banks's legal argument is not entirely clear but, to the extent he suggests he was deprived of due process, "the constitutional right to due process does not protect a prisoner from loss of FSA time credits when BOP determines the prisoner was ineligible to earn and apply such credits." *See de La Rosa-Tirado v. Thompson*, 24cv11191 (EP), 2025 WL 654168 (D.N.J. Feb. 28, 2025). *See also Fabela v. Fed. Bureau of Prisons FCI Oxford*, 2025 WL 1311031, at *1 (W.D. Wisc. May 6, 2025) (observing that "[i]t's immaterial that BOP records stated at one point that Fabela was eligible for FSA time credit; its initial determination was mistaken").

Finally, Banks contends that possessing with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl is not a disqualifying offense. That is plainly incorrect. Title 18 U.S.C. § 3632(d)(4)(D)(lxvi) provides, in pertinent part:

> A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under . . . [21 U.S.C. § 841(b)(1)(B)(vi)] . . . relating to manufacturing, distributing, dispensing, or *possessing with intent to manufacture, distribute, or dispense*, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof.

18 U.S.C. § 3632(d)(4)(D)(lxvi) (emphasis added).

Banks argues that "possessing with intent to" relates only to manufacturing and not distributing or dispensing. But Banks's interpretation conflicts with the plain reading of the statute because "a modifier beginning a series of terms modifies all the terms." *Philadelphia Indemnity Ins. Co. v. Bellin Mem. Hosp.*, 126 F.4th 532, 539 (7th Cir. 2025) (internal quotation marks and citation omitted). Moreover, Banks's suggested reading is contrary to established principles of statutory interpretation, as it renders the words "distribute" and "dispense" superfluous. *See Walker v. Bain*, 257 F.3d 660, 667 (6th Cir. 2001) ("Every word in the statute is presumed to have

3

meaning, and we must give effect to all the words to avoid an interpretation which would render words superfluous or redundant.").

Based on the foregoing, it is **ORDERED** as follows:

1. Banks's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (R. 1) is **DENIED.**

2. This action is **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This 15th day of October, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY